IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

United States of America )
)
v. ) Cr. No.: 03-044S
)
Erick Quinonez )

**Defendants 1st Reply To Government Objection To Courts Authority To Correct And Clarify Judicial Factfinding Error In Judgment And Sentence And 2nd Memorandum Of Law In Support**

Defendant Erick Quinonez appearing pro se with pro bono assistance by law professor Ron Veatch I.J.D. moves the court to adversely rule on the government's objection to the court's judicial authority to correct judicial sentence error in misinterpretation of the U.S. Sentencing Guidelines (U.S.S.G.) through 28 USC §60(b) (Federal Rules of Civil Procedure, Rule 60(b) (F.R.Civ.P.)) for Nunc Pro Tunc relief, and in support states:

(1) Defendant objects to reclassifying his Nunc Pro Tunc/60(b) motion as a petition for post conviction relief under 28 USC §2255, as a 60(b) motion is not a §2255, nor is it subject to A.E.D.P.A. restrictions. Professor Veatch has either filed or has been involved in advisory application to 28 USC §2255; §2254; §2241; §1651; §60(b) and Constitutional Writs of Habeas Corpus Article I, §9, Cl. 2

often or for approximately 5000 cases, and is well qualified to distinguish incongruous intent by Congress, law, and clear language objections of law and fact. The defendant did not file a §2255 because with the temporal discordance between the circuit and district courts, all but virtually agreeing that §2255 is an inappropriate judicial remedy in resolving post and prior **Blakely v. Washington** and **U.S. v. Booker/Fanfan** rulings, thus making §2255 ineffectual to resolve the court's misinterpretation of the U.S.S.G., as being advisory and not mandatory and the court herein relying upon misinterpretation of law and jurisdiction, exceeded its authority by clerical and/or judicial "inadvertance, mistakes, excusable neglect, newly discovered evidence, (like a Supreme Court ruling declaring the U.S.S.G. unconstitutional and judges had misunderstood that they run the courts, not prosecutors, and that the U.S.S.G. is advisory only and all enhancements, U.S.S.G. §2L1 included, may not be imposed by judicial factfinding or mandatory U.S.S.G.), or fraud, etc.. **i.d.**. Did the federal government commit fraud in misleading the court that the U.S.S.G. was and had been mandatory for 20 years, if so, is that obstruction of justice or fraud upon the court and defendant?

(2) Defendant specifically objects to the government moving the court to interpret a Nunc Pro Tunc on 60(b) as a §2255 as the defendant would of course filed several issues

addressing **Crawford**, **Booker**, **Fanfan**, **Blakely**, **Apprendi**; and a host of other constitutional options. The issues here, are not constitutional, but designed to lower the cost of judicial economy and impact, as a ways and means for the court to correct its own errors in the wake of the mistake; inadvertance; excusable neglect; newly discovered evidence; fraud; etc., that are not available in §2255 as the government so states in their Objection and Memorandum of Law. See: **Government Memo./Objection**, page 2. The First Circuit has recently held that **Booker** does not apply retroactively [to §2255]- citing **Arilo-Munoz v. U.S.**, 404 F.3d 527 (1st Cir. 2005) (decided April 15, 2005). Thus, §2255 is not only ill conceived to deal with judicial error, it is procedurally barred within §2255, but 60(b) or Nunc Pro Tunc allows the court to correct errors and mistakes without reaching the constitutional merits. The defendant is properly before this court through 60(b) and Nunc Pro Tunc. The fairness, reputation of the judiciary is called into focus if a court lacks the courage and integrity to correct its own errors that were misunderstood and concepted totally by judicial factfinding based upon the governments reasoned belief in mandatory U.S.S.G.. The government misrepresented the U.S.S.G. as being mandatory and the courts reliance upon the governments overreaching caused a judicial travesty by increasing punishment from 6 months to 54 months.

**MEMORANDUM OF LAW IN SUPPORT**

The government's objection is untimely as the deadline to file objections was 30 days, not 34 days. The government's motion should be defaulted, and defendant so moves the Court to do so.

The federal judgment of this court was valid on October 25, 2004. The defendant has a ONE YEAR period to employ Rule 60(b);

> "...(3) not more than one year after the judgment, order, or proceedings was entered or taken"

**i.d.**, 60(b)

thus, there is no issue as to the statutory jurisdiction of the court to correct itself by Nunc Pro Tunc and/or 60(b).

Rule 60(b) was not altered and/or attached in the overbreath, reach and discussion of the A.E.D.P.A. congressional manic after the bombing of the Oklahoma Federal Building. The Congress posturing that attacked the weakest and poorest in our society, was somehow, aimed at making the people believe with the government scheme or to smokescreen and/or detract the public away from the horrid results of an insane U.S. military man who bombed the building. The building was not bombed by former or current prisoners, it was conspired and conceived by government military employees/soldiers. But politicians like non vocal targets, so the rhetoric was to jack-up-anyone who can't fight back-thus, government targeted Latinos, Blacks and poor Whites with a get tough on crime. That was Hitler's way and that's the U.S.A. political system today. Deflect.

The government today deflects the courts judicial authority over its processes and moral obligations to uphold their judicial oath

of office Article VI, Cl.3 U.S. Const. by advising the court to construe a parakeet as an unfeathered crocodile. However the government claims a crocodile cannot fly. Nor will his objection and moving the court to relabel a 60(b) or Nunc Pro Tunc. The U.S. Supreme Court says a district court may NOT relabel a prisoner's pro se pleading as a §2255 etc. See: **Astro v. U.S.**, 157 L.Ed.2d 778 (2003) (courts cannot recharacterize [relabel] pro se litigants motions), **i.d.**.

The statutory construction, nor the amended A.E.D.P.A. did not affect any other Congressional statutes, and if Congress so desires to impel Rule 60(b); Nunc Pro Tunc; 28 USC §1651; 28 USC §2241; and the Great Writ under the interpretation set out in 28 USC §2255, then let them speak. Thus far, Congress has not passed any laws attacking 60(b), etc. to A.E.D.P.A./P.R.L.A. or any other statute. The absurd specualation by the government and its lower courts run afoul of Supreme Court doctrine and constitutionality, until now. The U.S. Court of Appeals En-Banc ruled that motions under 60(b) are not §2255 motions and REVERSED the entire history of government's fraud upon the courts. In **IN RE ABDUR'RAHMAN**, 392 F.3d 174 (6th Cir. 2004) the en banc court stated:

> "Rule 60(b) motions and habeas corpus serve different purposes."--"Rule 60(b) does not permit parties to relitigate the merits of claims, or to raise new claims that could have been raised during litigation of the case or in the initial habeas petition. Rather, the purpose of Rule 60(b) motions is to allow a [judge] district court to reconsider its judgment when the judgment rests on a defective foundation. The 'factual predicate [of a Rule 60(b) motion] deals with some irregularity or procedural defect in the procurement of the judgment...." (citing **Rodwell v. Pope**, 324 F.3d 66, 70 (1st Cir. 2003).

The statutory language of Rule 60(b) is explicit, thus not subject to speculation. The high court elaborated in **Potter v. U.S.**, 155 U.S. 438, id @ 446, 39 L.Ed. 214, 15 S.Ct. 144 (1894):

> "--the mere presense of statutory language cannot be regarded as surplusage, it means something."
>
> "Our court may not read into statutes non existant language and must use plain meaning analysis." (edit)

**i.d.**; **Babitt v. Sweet Home**, 515 U.S. 687, @ 697-698; 132 L.Ed.2d 597 (1995); **U.S. v. National Bank Org.**, 124 L.Ed.2d 402 (1993); **TRW v. Andrews**, 151 L.Ed.2d 339 @ 341 (2001).

The government's specualtion in a Rule 60(b) motion is an unreasonable implementation of it. What 28 USC §60(b) says is:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.**
>
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, final order, or proceeding for the following reasons: (1) mistake, inadvertance, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based and has been reversed or otherwise vactated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., §1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, corum vobis, audita querela, and bills of review and bills in nature of a bill of review, are abolished,

and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.
(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Dec. 29, 1948, eff. Oct. 20, 1949; Mar. 2, 1987, eff. Aug. 1, 1987.)

## CONCLUSION

The court has the inherent power to correct its errors with or without motion by anyone. It is the duty of a judge to balance the reputation, integrity and its appearance of fairness to the people it is sworn to protect under Amendments 1-10 as mandated in Article VI, Cl.3 and Amendment 14 Oath of Constitutional Office. The U.S. Supreme Court issued its opinion that lower courts misinterpreted the U.S.S.G. as being mandatory and found judicial factfinding to be unconstitutional in **U.S. v. Booker/Fanfan**, 160 L.Ed.2d ____, (2005) and applied its principles in **Apprendi v. New Jersey**, 530 U.S. 466, 147 L.Ed.2d 435, 120 S.Ct. 2348 (2000) and **Booker v. Washington**, 543 U.S. _____, 160 L.Ed.2d 621, 125 S.Ct. 738 (2005).

It's just and proper that a judicial miscarriage of justice may be corrected under judicial administration without the landslide of habeas petitions. It serves the nation and secures the respectability of the federal judiciary to be able to right its errors without regard to political threat. The government's invasion upon the judiciary is reprehensible and per se treasonable. Judges are allegedly appointed and approved for their honorability and dignity that confines their conduct to fairness through the Constitution and laws thereunder. The government's subversion or attempt to control the judicial process was factually reputiated in **Booker/Fanfan** and

the jurisdiction provided in Rule 60(b) has been clarified in the federal courts by the en banc Sixth Circuit Court of Appeals. Moreover, the First Circuit supports the plain language reading of Rule 60(b) in **Rodwell v. Pepe**, 324 F.3d i.d.@ 67 (1st Cir. 2003) holding;

> "In cases in which the factual predicate in support of the motion attacks judgment was procured and is based on one or more of the grounds enumerated in Rule 60(b), the motion should be adjudicated pursuant to Rule 60(b)."

**i.d.**

There is no avoidance of A.E.D.P.A. when in fact, as the government has affirmed that this circuit, has in fact, eliminated all §2255 and successive §2255 as to application to the widespread judicial misinterpretation, of the U.S.S.G., as elaborated in **U.S. v Booker/Fanfan**, "resilience to judicial independence." Judicial effigy is not in the best interest of our nation, its people and the 20 years of government mandating U.S.S.G. schemes to scurrilously undermine judicial sentencing calls into focus the appearance of widespread judicial abuses that were caused by prosecutors illegally and fraudulently telling judges they better go by the U.S.S.G. or else. Thus, our federal jurists were stuck in an intolerable position at sentencing to accept prosecutors as de facto judge, jurors, and executioners, without any true or meaningfulness judicial independence. Which has today caused attorneys and criminals alike to blame judges for conduct that they had no control over. The appearance of judicial misconduct, and in many cases, accused of pro government corruption or bias, is generally wrong. Many federal judges over the past 20 years rallied against the absurdity and blatant unconstitutionality

of mandatory U.S.S.G. that switched sentencing powers to the government and made the judge and defendant bystanders. This appearance undermines the entire judicial integrity, and serves to incite disrespect of the foremost judiciary in the world and brother that's a sad American experience to our great Nation and its independent jurists. The court has within its grip to correct its own mistakes, thanks to Rule 60(b) and we must not return to business as usual, lest we continue in a treasonable bed of schemes.

If we are to believe the concept postulated in **U.S. v. Booker/Fanfan**, all federal courts make mistakes by inadvertence through possible excusable neglect caused by fraud on the part of government prosecutors and the newly discovered evidence i.e.; **Booker/Fanfan** and **Blakely** meets the qualifications of Rule 60(b)(1)(2)(3)(4) and (5) smacks of necessity to correct these judicial misinterpretations of law and jurisdiction authority to enhance. In th final test of Rule 60(b) governance, this motion does not "affect the finaltiy of a judgment or suspend its operation." **i.d.**. This 60(b) allows the court the judicial ability to correct its mistakes 60(b)(1)-(5) through its own sua sponte Nunc Pro Tunc elimination of mistakes that increased the defendant's sentence from 6 months to 54 months and that was judicial error as defendant was not indicted under U.S.S.G. 2L1 for a 16 point enhancement and the courts considerations were thought to be mandatory and not discretionary. The court on its own may do as it appeared so inclined and sympathetic to do at sentencing, "send this young Latino back to his starving family in Guatamala so he may hopefully remove them from a soon to be life on the streets of a poor nation, his small daughter and poverty ridden wife deserve a chance to

eat and have a roof over their heads and their child deserves to have a school/education." **i.d.**

Justice consists of more than evil punishment, it also consists of moral deliberation of the total circumstances. Defendant did not come here to sell drugs, he came to find work, so he could feed his little girl and wife. He was arrested for illegal re-entry because he sought to do what a moral father would do--he sought backbreaking minimum wage hard labor jobs, often paying 3 dollars an hour so he could send money to his starving family. In another era, we would all be proud of Mr. Quinonez.

This case should make no prosecutor or government proud.

## PRAYER

**WHEREFORE**, defendant through law professor Ron Veatch on the brief pro bono, moves the court to correct its mistakes as stated herein under Rule 60(b)(1)-(5), and order defendant's sentence be corrected without the judicial error caused by misinterpretation of mandatory U.S.S.G. and lower the sentence calculations by 16 points because U.S.S.G. 2L1 was a misinterpretation, thus order the corrected sentence, not conviction, be at level 6 criminal history 2 and correct as deemed just and proper.

Dated this 01 day of June, 2005.

Respectfully Submitted,

Erick Quinonez, pro se
Reg. No. 05295-070
FMC-Devens
P.O. Box 879
Ayer, MA 01432

Professor Ron Veatch, of Law I.J.D. on the brief/Next of Friend/Attorney of Record, Oral Arguments if deemed appropriate.
* Defendant has marginal English skills, but not competent except in careful explanation, Professor Veatch speaks limited Spanish and is to be named Chair of the International Crimes Against Humanity Commission (this year) (Autonomous University Mexico City)

U.S.A. address: 4408 Lawrence Rd. Ft. Worth, TX 76114

**CERTIFICATE OF SERVICE**

On June 01, 2005 a true copy of this (defendant's motion in Case No.: 1-03-CR-00445-01-S) was mailed by first class postage to:

(1) Clerk, U.S. District Court
Federal Courthouse
Providence, RI 02903

(2) U.S. Attorney Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Erick Quinonez
Reg. No. 05295-070
FMC-Devens
P.O. Box 879
Ayer, MA 01432

**IN THE**
**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Cr. No.: 03-0445 |
| Erick Quinonez | ) | |

**ADDENDUM TO DEFENDANT'S 1st REPLY TO GOVERNMENT's OBJECTION**

**COMES NOW** defendant Erick Quinonez, filing pro se and with pro bono assistance from Law Professor Ron Veatch, and presents to this Court and as attached to defendant's 1st Reply To The Gov't.'s Objection To Courts Authority To Correct And Clarify Judicial Factfinding Error In Judgment And Sentence And 2nd Memorandum of Law In Support this Addendum to aforesaid motion.

Defendant reasserts his arguments as presented and adds:

I. The court used mandaroty U.S.S.G. §2L1.2(b)(1)(A)(ii) to increase defendant's U.S.S.G. score by 16 additional points, the court's assumptions were a mistake. First of all, as the U.S. Supreme Court made clear in **U.S. v. Booker/Fanfan**, 125 S.Ct. 1254 (2005); and **Crawford v. Washington**, 541 U.S. 36 (2004) that their ruling changed the judicial view to have been mistaken to the mandatory U.S.S.G. and criminal history scores of persons before the courts for criminal sentencing effectuating correction of the pre opinion judicial errors.

See also: **U.S. v. Rodriguez-Rodriguez**, 388 F.3d 466 (5th Cir. 2004). As to Rule 60(b) nunc pro tunc, when errors or judicial mistakes "inadvertently occur, prejudice is ensured." (edit) **i.d.** @ **Stricklen v. Greene**, 527263 **i.d.**; @ 281-82, 144 L.Ed.2d 286 (1999).

The miscarriage of justice doctrine herein requires correcting the judicial mistake, inadvertence in accepting the government's fraudulent concept of mandatory, no judicial discretion in mandatory application of U.S.S.G. 2L1(2) et. seq. 16 point increase, and a proper judicial resentence would reach the best interest of justice and preserve judicial integrity and promote respect for the federal judiciary. See: **Marbury v. Madison**, 5 U.S. (1 Crunch) 137, 2 L.Ed. 60 (1803); **Miscarriage of Justice**, Blacks Law Dict., 6th Ed. page 690.

**II.** The court enhanced under U.S.S.G. 2L1.2 based upon incorrect or fraudulent conveyance by the governments schemes that the prior misdemeanor charges were a crime of violence justifying the 16 point increase under §2L1.2. That is factually a mistake by the court based upon prior reliance of bad faith governmental interpretation of the aggravated felony concept. To be an aggravated concept distinguishable for enhancement under §2L1.2 it must be a crime that carried more than one year. Neither of the defendant's prior "youthful misconduct" charges/convictions carried more than one year.

Thus, the courts have ruled such schemes are inapplicable for enhancements under 2L1.2. See: **Liao v. Rabbett**, 398 F.3d 389 (6th Cir. 2005); **Aguirre v. I.N.S.**, 79 F.3d 315 (2nd Cir. 1996); **Gerbier v. Holmes**, 280 F.3d 297 (3rd Cir. 2002); **INS v. St. Cyr**, 533 U.S. 289, **i.d.**, @ 298; **U.S. v. Cazares-Gutierrez**, 382 F.3d @914-17

overturning and ruling that minor misdemeanor sex charges are not crimes of violence when penalty is under 1 year, (indicates non-serious) (the New York statute applying here clearly states that willful (teenage sex) is not a crime of violence under statutory scheme and violence only applies to mentally ill at any age), rejecting hypothetical felony approach. **i.d.**; 398 F.3d @ 394.

Defendant at this point ends this addendum.

Dated this 01 day of June, 2005.

Respectfully Submitted,

Erick Quinonez, pro se
Reg. No. 05295-070
FMC Devens
P.O. Box 879
Ayer, MA 01432

******************************************************************

**CERTIFICATE OF SERVICE**

On June 01, 2005 a true copy of this (Addendum To Defendant's 1st Reply To Government's Objection in Case No. 03-0445) was mailed by first class postage to:

(1) Clerk, U.S. District Court
Federal Courthouse
Providence, RI 02903

(2) U.S. Attorney Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Erick Quinonez
Reg. No. 05295-070
FMC Devens
P.O. Box 897
Ayer, MA 01432