UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES,<br>Plaintiff, | : | |
| v. | : | CR No. 03-44-S |
| ERICK QUINONEZ,<br>Defendant. | : | |

**MEMORANDUM AND ORDER**
**RE: DEFENDANT'S MOTION NUNC PRO TUNC**

Before the Court is Defendant Eric Quinonez's "Motion Nunc Pro Tunc" to correct an alleged error in his sentencing. Defendant claims that his sentence was in plain error in light of the U.S. Supreme Court's recent decision in United States v. Booker, - U.S. -, 125 S.Ct. 738 (2005).

The motion is denied as procedurally unavailable. Although Defendant describes his motion as made pursuant to Fed. R. Civ. P. 60(b), no relief is available to him under this Rule. While a Rule 60(b) motion is available in appropriate circumstances to challenge an earlier habeas petition ruling, see Munoz v. United States, 331 F.3d 151 (1st Cir. 2003) (describing 28 U.S.C. § 2255 as "a surrogate for habeas corpus"), defendant has not filed a prior habeas petition motion. Thus, there is no ruling or judgment on such a motion to be reviewed, and Defendant's Rule 60(b) motion is therefore not appropriate.

In its objection the Government urges this Court to construe Defendant's motion itself as a § 2255 motion. The Court must decline to do so. The United States Supreme Court has made clear that before a district court may recharacterize a motion or filing as a first § 2255 motion, it

> must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent §2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a §2255 motion for purposes of applying to later motions the law's "second or successive" restrictions. § 2255, ¶ 8.

<u>Castro v. United States</u>, 540 U.S. 375, 383, 124 S.Ct. 786 (2003).

Furthermore, the Defendant expressly indicates in the title of his motion that he does not wish his motion to be construed as a motion pursuant to § 2255. <u>See</u> <u>Raineri v. United States</u>, 233 F.3d 96, 100 (1st Cir. 2000) (holding that petitioner entitled to have his motion heard as he framed it), although, as noted above, the motion he presents is not a proper one.

In view of the foregoing considerations, Defendant's Motion Nunc Pro Tunc to correct sentencing error is hereby denied <u>without prejudice</u> to his filing, if he so desires, a motion pursuant to 28

U.S.C. § 2255 setting forth any and all claims he may have under that provision.[1]

It is so ordered.

W/Smith
William E. Smith
United States District Judge

Dated: 6/14/05

[1] The government argues that <u>Booker</u> is not retroactive, but it is unnecessary for the Court to address this issue at this juncture.